## Newkirk v. United Services
## Automobile Association

*Mark Scoblionko,* for plaintiff.
*Eugene J. Maginnia,* for defendant.

BACKENSTOE, *P.J.,* December 8, 1988—On January 14, 1987, plaintiff Sandra Newkirk was a passenger in a motor vehicle operated by her husband Charles Newkirk. While driving on Route 422, Charles Newkirk lost control of his motor vehicle and hit three tree trunks. As a result of the accident plaintiff sustained serious personal injuries.

At the time of the accident Mr. Newkirk was insured by the United Services Automobile Association (USAA). His policy afforded him $300,000 liability coverage, however, the policy contained an endorsement which limited Mr. Newkirk's liability coverage to $15,000, if a suit was filed against him by his spouse. USAA tendered $15,000 to plaintiff claiming it was the limit of available liability coverage. The tender was refused by plaintiff. Thereafter plaintiff made a demand for underinsured motorist coverage, which under Mr. Newkirk's policy provides $300,000 coverage. USAA responded that a

provision of the policy precluded plaintiff from underinsured motorists coverage. That provision states that an underinsured motor vehicle does not include any vehicle or equipment owned by or furnished or available for the regular use of any family member. Both parties agree that the facts are not in issue and therefore they have each made a motion for summary judgment, the issue being plaintiff's claim for underinsured motorist coverage.

The issue arises in the interpretation of *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa. Super. 51, 535 A.2d 1145 (1988). Plaintiff contends, correctly, that the Superior Court has specifically left open the question of whether a class 1 beneficiary, such as Mrs. Newkirk, should be entitled to recover both liability and underinsurance coverage under the same policy. In plaintiff's view the legislature intended a class 1 beneficiary to get a double recovery in a single-car accident.

Defendant contends that the purpose of underinsurance is to protect an insured from an inadequately insured driver of another vehicle. Therefore, underinsured motorist coverage was intended to deal with multiple vehicle accidents and multiple insurance policies.

The Pennsylvania Motor Vehicle Financial Responsibility Act requires every motor vehicle to have underinsured motorist coverage:

"(a) *General Rule*—No motor vehicle liability policy shall be delivered or issued for delivery in this commonwealth with respect to any motor vehicle registered or principally garaged in this commonwealth unless uninsured motorist and underinsured motorist coverages are provided therein.

"(c) *Underinsured Motorist Coverage*—Underinsured motorist coverage shall provide protection for

persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages thereof from owners or operators of underinsured motor vehicles." 75 Pa.C.S. §1731(a), (c).

The purpose of this act is twofold. First, to resolve the dilemma of insured drivers being able to collect insurance from their own policy when involved in an accident with a negligent non-insured driver, but not being able to collect anything on their policy when hit by a negligent underinsured driver. The anomaly was that it was better to be in an accident with an uninsured driver rather than an underinsured driver. *Gorton v. Reliance Insurance Co.,* 77 N.J. 563, 570, 391 A.2d 1219, 1223 (1978); *Wolgemuth v. Harleyville Mutual Insurance Co., supra.* The second reason for mandatory underinsurance was the rapidly escalating cost of coverage under the no-fault system. A major consideration of the legislature was to ease the financial burden on insureds by going back to a fault-based system. *Wolgemuth, supra.*

The Motor Vehicle Financial Responsibility Act does not precisely spell out how the legislature would resolve the present case. As noted in *Wolgemuth* the language of the statute suggests that the legislature was assuming that there would be at least two drivers and two policies involved in a motor vehicle accident. Judge McEwen stated:

"An underinsured motor vehicle, must, by definition, be an insured vehicle. Thus, the statute contemplates one policy applicable to the vehicle which is at fault in causing the injury to the claimant and which is the source of liability coverage (which is ultimately insufficient to fully compensate the victim), and a *second* policy, under which the injured claimant is either an insured or covered person. It is

the *second* policy which the statute contemplates as the source of underinsured motorist coverage, where the liability coverage provided by the first policy of insurance is insufficient to fully compensate the claimant for his injuries." *Wolgemuth, supra.* (emphasis in original)

The problem presented by the *Wolgemuth* case is the following language with respect to class 1 beneficiaries:

"We are not here asked to determine, and express no opinion upon, whether an insured, as that term is defined by the Motor Vehicle Financial Responsibility Law, could, under certain circumstances, recover under both the liability and underinsured motorist provisions of a single policy. Appellant's decedent was a class 2 beneficiary of the policy issued by appellee Harleysville. As a class 2 beneficiary, Gail M. Wolgemuth had no recognizable contractual relationship with the insurer of the vehicle, had paid no premiums for such coverage, and had no reasonable expectations as to coverage under the policy issued by appellee." *Wolgemuth, supra.* (footnote omitted)

In *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), the Supreme Court described the three levels of insureds. A class 2 insured is entitled to coverage merely by occupying an insured vehicle. Class 1 beneficiaries are the named insured and any designated insured while residents of the same household, the spouse and relatives of either. Plaintiff contends that Mrs. Newkirk has a contractual relationship with USAA and should expect to be covered in an accident with an underinsured driver.

In our opinion to hold in plaintiff's favor would go beyond that which the legislature contemplated in enacting mandatory underinsurance. Plaintiff seeks

$15,000 of liability insurance (which is third-party insurance), then seeks underinsurance (which is first-party insurance) all on the same policy. It would appear anomalous and illogical to suggest that Mrs. Newkirk expected underinsurance coverage when involved in a single-vehicle accident with her husband. Mrs. Newkirk should not be able to convert essentially first party underinsured motorist coverage into third party liability coverage. *Wolgemuth, supra.*

In *Preferred Risk Management Insurance Co. v. Tank,* 146 Ariz. 33, 703 P.2d 580 (1980) the Arizona Appellate Court faced a situation where a wife and child attempted to get underinsurance benefits and liability benefits from the husband's insurance policy. As in the instant situation, the Arizona case involved a single-vehicle accident. The Arizona court reasoned that liability insurance is purchased by an owner to protect passengers in the vehicle from his or another's driver's negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages by another vehicle which is underinsured. An insured wishing to avoid personal liability and adequately protect his passengers may simply increase the liability coverage. The result of dual recovery would transform underinsurance into financial insurance. *Preferred Risk Management, supra.*

The court in *Preferred Risk Management* reasoned further that to rule in plaintiff's favor would increase insurance costs. A major purpose of the Motor Vehicle Financial Responsibility Law was to reduce insurance costs. Unfortunately a decision in favor of Mrs. Newkirk would force insurance companies to expand their coverage and increase costs to the consumers. In this court's judgment, to

abide with the intent of the legislature, it must rule against plaintiff.

Accordingly, this court holds as a matter of law that a class 1 beneficiary, such as Mrs. Newkirk, is not entitled to both liability and underinsurance coverage based on the same policy. Hence, plaintiff's motion for summary judgment is denied and defendant's granted. Finally, in view of this court's decision there is no need to address the issue of whether plaintiff is entitled to stack underinsurance benefits.

## ORDER

Now, December 8, 1988, after consideration of the briefs filed and upon oral argument upon the matter, it is ordered that plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.